UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JOHNSON CITY ENERGY AUTHORITY d/b/a/ BRIGHTRIDGE, | ) ) ) | |
| Plaintiffs, | ) ) ) | 2:20-CV-30 |
| vs. | ) ) | |
| UNITED TELEPHONE SOUTHEAST, LLC d/b/a CENTURYLINK, | ) ) ) ) | |
| Defendant. | | |

## ORDER

The Court conducted a hearing to address discovery disputes on January 9, 2023. Plaintiff had requested that the depositions of Marcia Buckles and Andrew Chong be reopened, and that they be required to answer questions related to Bristol Virginia Utilities ("BVU") contractual relationship and course-of-dealing with Defendant. Upon instruction of their counsel, the deponents had refused to answer questions concerning these matters during their depositions. Counsel for Defendants had advised counsel for Plaintiff prior to the depositions that Defendant believed that such questions were prohibited by a prior ruling from the Court.

Plaintiff further requested that Defendant be required to respond to its Second Document Request seeking contracts between Defendant and third parties which are not related to services within Plaintiff's service area. Defendant objected to these requests as irrelevant, vague, overly broad, and unduly burdensome.

In considering the issue of reopening depositions, the Court reviewed email communications regarding the matter which were exchanged by the parties prior to the commencement of the depositions. The email communications provided to the Court for review demonstrated that Plaintiff was aware of Defendant's objections to the deposition topics at issue as early as October 2022. Additionally, Plaintiff was aware that Defendant took the position that the Court's prior order prohibited the proposed line of questioning. Ms. Buckles was not deposed until November 30, 2022, with Mr. Chong being deposed on the following day. Given the Court's prior ruling in this matter, the Court finds that Plaintiff should have sought guidance from the Court regarding the matter once the issue was raised by Defendant's counsel and had ample opportunity to do so between the date on which he became aware of the dispute and the dates on which the depositions at issue were taken.

Still, because there was an argument to be made that the Court's prior order did not specifically address the line of questioning at issue, if the line of questioning Plaintiff asked to pursue was one which would address discoverable information or would be designed to lead to discoverable information, the Court would have permitted the depositions to be reopened. However, both parties take the position that the contract between them is unambiguous, which would not permit the introduction of parole evidence. Moreover, even if parole evidence were permitted, the Court finds that the caselaw presented directs the Court to deny Plaintiff's request. The Court makes this finding being fully mindful of the broad scope of discovery. In fact, because of this broad scope, the Court previously required Defendant to provide information regarding their contracts with third parties where those contracts are for services within Plaintiff's service area.

As for Plaintiff's request that Defendant provide its contracts with third parties for services which are outside Plaintiff's service area, the Court finds again that applicable caselaw directs the Court to deny the request. While Plaintiff argued that these contracts were relevant to resolve the issue of contract interpretation and/or how Defendant itself interpreted the contract terms via its course-of-dealing with third parties, the Court cannot agree. Again, both parties claim that the contract is unambiguous. Additionally, the Court notes that Defendant is entitled to treat Plaintiff differently under their contract than it does another party under a different contract, even if circumstances are similar. Given these facts, and especially given that the contracts at issue are not for services within Plaintiff's service area, the Court must find that the contracts at issue are neither relevant to the issues pending before the Court nor will the production of them be likely to lead to discoverable evidence.

For these reasons and those stated with more specificity on the record, Plaintiff's requests to reopen the depositions and to compel Defendant to provide contracts for attachments outside Plaintiff's service area are **DENIED**.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge