| | |
|---|---|
| **From:** | Edwards, Gary <gedwards@bakerdonelson.com> |
| **Sent:** | Thursday, October 20, 2022 5:36 PM |
| **To:** | William C. Bovender |
| **Cc:** | Kelley, Misty Smith; Joseph B. Harvey; Stephen M. Darden |
| **Subject:** | RE: discovery |

Bill –

The scope of discovery is not dictated by whether this is a jury or a non-jury trial. Instead, the scope is dictated by Rule 26. You have yet to espouse any substantive basis for discovery related to BVU that is consistent with the scope permitted by Rule 26. Meanwhile, we have identified for you a number of reasons as to why that discovery is outside the scope (see, e.g., Number 1 in my email to you dated 10/13/22 below). Your response in your 10/19/22 email below sidesteps addressing those issues in favor of unnecessary personal ridicule and sanction threats. As it stands, in advance of any depositions having occurred, we have informed you that we will not voluntarily engage in discovery as to BVU. We can raise the issue of BVU with the Court, as can you. If you want to time the depositions that you have requested for dates that are after a decision from the Court then we can certainly do that.

Otherwise, if you wish to proceed now with non-BVU discovery, then we have already provided you the date of November 9 for Chong, and now provide you with the date of November 11 for Ice? As for Buckles, your only disclosure of her relates to BVU. If there is some topic actually related to BrightRidge and Brightspeed on which you want to depose Buckles then please let us know, and we will work to get a date secured.

Regards

Gary Edwards, Esq.
Baker Donelson
(423) 975-7634

> **From:** William C. Bovender <bovender@hsdlaw.com>
> **Sent:** Wednesday, October 19, 2022 11:46 AM
> **To:** Edwards, Gary <gedwards@bakerdonelson.com>
> **Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>; Joseph B. Harvey <jharvey@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
> **Subject:** RE: discovery
>
> November 9 is OK for Chong. I need dates at this time for Ice and Buckles. I would remind you this is a non-jury case and the scope of discovery is broad. You may want to file a motion relative to your unsupported position or we can wait for you to instruct a witness not to answer. In either event, we shall move for sanctions. I do not believe you can make up the rules of discovery to suit your desires.
>
> > **From:** Edwards, Gary [mailto:gedwards@bakerdonelson.com]
> > **Sent:** Thursday, October 13, 2022 3:09 PM
> > **To:** William C. Bovender <bovender@hsdlaw.com>
> > **Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>; Joseph B. Harvey <jharvey@hsdlaw.com>; Stephen M.

**EXHIBIT 3**

Darden <sdarden@hsdlaw.com>
**Subject:** RE: discovery

Hi Bill –

As you are aware, we informed you last week (during which week was the first time that you requested any depositions) that we had a call scheduled for yesterday with Brightspeed who has recently acquired (this month) the CenturyLink pole assets at issue, and that therefore, we would be in a position to discuss the depositions you have requested along with the BVU discovery issue thereafter. We view that as reasonable response timing, and note that on multiple occasions in this matter we have had to wait to hear your client's position until you have had a call with them. So we view your threat of noticing us to depositions for noncooperation as entirely unreasonable.

Anyway, here is further response to the depositions that you have requested and the BVU discovery issue:

1.      Discovery related to BVU is not agreeable to Brightspeed. We will not be voluntarily producing any witnesses or documentary evidence related to BVU. BVU is not a party to the 1980 Agreement at issue in the lawsuit, the poles on which BVU has attachments are not on the Brightspeed poles at issue in this lawsuit, BVU involved an ILEC third party Sunset Digital who is not involved with BrightRidge, BVU is a creature of Virginia state law while BrightRidge is a creature of Tennessee state law, among other differentiating circumstances. So not only is there not contractual privity with BVU regarding the 1980 Agreement at issue between BrightRidge and Brightspeed, but also even substantial similarity is lacking. In addition, BrightRidge's apparent suggestion that its broadband arm/division (or however else you refer to it) and the broadband arm/division of a political subdivision of the Commonwealth of Virginia must all be charged the same rate for attachments in communications space on poles would seemingly implicate interstate antitrust issues. We will be glad to consider further if BrightRidge wants to identify what BVU has to do with the Brightspeed poles and 1980 Agreement at issue in our lawsuit. BrightRidge's mere assertion that BVU has a contract with Brightspeed with similar language is not sufficient, as that does not create contractual privity with the BrightRidge contract and it does not demonstrate that the totality of the circumstances surrounding the BVU attachments are substantially similar to the circumstances surrounding BrightRidge's attachments, or that both BVU and BrightRidge are to be charged the same annual rates for attachments in the communications space in interstate commerce, so as to have any relevancy to any party's claim or defense or to be proportional to the needs of the case as required by Rule 26.

2.      For all depositions of Brightspeed witnesses, BVU will be off-limits during those depositions unless we informally resolve the issue beforehand or otherwise have the Court address whether such discovery will be permitted.

3.      Does November 9, 2022 work for the deposition of Andrew Chong? You indicated that you wanted to take Andrew Chong's deposition via remote means (e.g., Microsoft Teams) since he is in Central Florida, which is fine. Either Misty Kelley or myself do plan to be present in person for Mr. Chong's deposition. Again, BVU will be off-limits during Mr. Chong's deposition unless we informally resolve the issue beforehand or otherwise have the Court address whether such discovery will be permitted.

4.      We have requested proposed dates from Andy Ice for his deposition, and hope to have a date to circulate shortly. We do not anticipate a problem in getting his deposition completed well in advance of the discovery cutoff. Again, BVU will be off-limits during Mr. Ice's deposition unless we informally resolve the issue beforehand or otherwise have the Court address whether such discovery will be permitted.

5.      Assuming that your reference in your email from today to "Her fill in" is regarding Marcy Buckles, we need to know whether you still want to schedule that deposition right now given the discovery dispute related

2

to BVU. Again, BVU will be off-limits during Ms. Buckles' deposition unless we informally resolve the issue beforehand or otherwise have the Court address whether such discovery will be permitted. Please advise.

6.     Your email from this morning is the first time that you have requested to depose Brightspeed's damages witnesses, so we will work on getting a proposed schedule for that together within the discovery cutoff period.

Regards

**Gary L. Edwards, Esq.***
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
602 Sevier St.
Suite 300
Johnson City, Tennessee 37604
Direct: 423.975.7634
Fax: 423.979.7634
E-mail: gedwards@bakerdonelson.com
www.bakerdonelson.com

*Licensed in Tennessee, North Carolina and Virginia.

> **From:** William C. Bovender <bovender@hsdlaw.com>
> **Sent:** Thursday, October 13, 2022 9:10 AM
> **To:** Edwards, Gary <gedwards@bakerdonelson.com>; Kelley, Misty Smith <mkelley@bakerdonelson.com>; Joseph B. Harvey <jharvey@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
> **Cc:** Roberta Davis <rdavis@hsdlaw.com>
> **Subject:** discovery
>
> As you are aware, discovery cutoff is the end of December giving 2.5 months to complete. We have now asked for discovery dates for the depos of Ice, Chong, and Her fill in) three times..We also want to depose your damages witness(es). Do not put us in a position where we must notice you and your witnesses in. Your cooperation is anticipated.
>
> 
>
> **William C. Bovender**
> *Attorney at Law*
> P.O. Box 3740
> 1212 North Eastman Road
> Kingsport, TN 37664
> Direct: 423-378-8858; Facsimile: 423-378-8801
> bovender@hsdlaw.com
> www.hsdlaw.com



**Confidentiality Disclosure:** The information in this email and in attachments is confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to and must not disclose, copy, distribute, or retain this message or any part of it.

NOTICE: This electronic mail transmission with any attachments may constitute an attorney-client communication, protected health information (PHI) or other confidential information that is in fact confidential, legally protected from disclosure and/or protected by the attorney-client privilege. If you are the intended recipient, please maintain confidentiality and be aware that forwarding this e-mail to others may result in a waiver of these protections and privileges and regardless electronic communications may be at times illegally accessed and viewed. If you are not the intended recipient, this e-mail is not intended for transmission to you, nor to be read, reviewed, used, distributed or even received by you or any other unauthorized persons. If you have received this electronic mail transmission in error, please double delete it from your system immediately without copying, reading or disseminating it, and notify the sender by reply e-mail, so that our address record can be corrected. Thank you very much.