# Kaitlynn E. Welsch

| | |
|---|---|
| **From:** | Joseph B. Harvey |
| **Sent:** | Friday, December 16, 2022 10:37 AM |
| **To:** | Edwards, Gary |
| **Cc:** | William C. Bovender; Stephen M. Darden; Kelley, Misty Smith |
| **Subject:** | RE: BrightRidge v. CenturyLink - Meet and Confer Request |
| **Attachments:** | CenturyLink Pole Attachment Agreement (1).pdf |

Gary –

1. **Dannett Kennedy.** We have been asking for dates for Dannett Kennedy's deposition for over 5 weeks. We still do not have a date from you. Your reference to "one of the January 2023 date$\underline{s}$" is not sufficient. The <u>only</u> "January 2023" date you provided that does not already have a deposition scheduled for it is Tuesday, January 3rd. Are you proposing Jan. 3rd as the date? If so, that date is not agreeable. Given we are already traveling to take the deposition of Adam Brown, who is located a mere 15 minutes away from where Dannett Kennedy is located, and are willing to take both depositions on the same day, we need something more than "we are not in a position to produce Dannett Kennedy for a deposition on December 21." That is not a sufficient explanation for why she is unavailable for her deposition on that day. Please explain why Dec. 21 is not available; otherwise, it appears to be solely an attempt to make discovery more time-consuming and burdensome.

2. **Steven Hastings.** The only dates "during the week of January 9" that you proposed were Jan. 9, 12, and 13. Jeff Dykes is scheduled for Jan. 12 and David Brevitz is scheduled for Jan. 13. That leaves only Jan. 9th. We will plan to take Hasting's deposition in Johnson City on Jan. 9th. We appreciate your confirmation of this date. Alternatively, as we have done with some BrightRidge witnesses, if you can confirm that CenturyLink does not intend to call Steven Hastings at trial, or otherwise use his testimony in this matter, we may be able to forgo his deposition altogether.

3. **BrightRidge Depositions.** Thank you for confirming the deposition schedule. We previously explained why we did not "wipe off" any confirmed deposition dates and don't see any benefit to rearguing that now. We have now scheduled every BrightRidge witness that CenturyLink has asked to depose. But, if there are any additional BrightRidge witness(es) you want to depose we are glad to work with you on dates. Which leads us to Tom Bachman and Walter Hopkins. We did not provide dates for their depositions solely because, when I met with you on Dec. 8th, you said CL may not want to depose them if BrightRidge does not intend to call them at trial and they do not have any relevant knowledge (I recall you saying "we don't depose someone just to depose them"). In my email, I explained that BrightRidge presently does not intend to call Bachmann/Hopkins to testify at trial, or use their testimony in this matter because they do not have relevant knowledge. But, if that changes at any point, we agreed to let you know as soon as possible and give you an opportunity to take their deposition. This is not a new position; it is exactly what we discussed on Dec. 8th. If you would like to take the depositions of Bachmann and Hopkins, despite the fact that they have limited knowledge regarding the dispute, we are not standing in your way. We are glad to work with you on dates, and would appreciate specificity and consistency in your position. If you want to take the depositions of Hopkins and Bachman, say so. We will have to check, but we could likely offer dates during the weeks of January 16 or 23. We are in no way interfering with your ability to take depositions of witnesses and strongly reject any suggestion to the contrary.

4. **Document Production.** I won't argue with you about what was said at the depositions. The transcript says what it says. Thank you for producing CL 497. We will wait to hear from you regarding any non-privileged documents Freeman referenced during his deposition. If CenturyLink has internal communications or other documents that reference this dispute, we are requesting them. If any documents are withheld for privilege, please provide a privilege log pursuant to Rule 26(b).

1

**EXHIBIT 10**

5. **Buckles and Chong Depositions.** We are in disagreement on this issue. You have explained CenturyLink's position, but have not proposed any solution or compromise to resolve the dispute. It seems unlikely that further discussion between counsel will resolve the disagreement.

6. **BVU Agreement.** Again, I won't argue with you about your statement at the deposition. In my email, I was simply trying to determine whether, based on your statement at Ice's deposition, CenturyLink will agree to the stipulations we proposed last week. Based on your statement, I assumed that you would not. What matters is not what you said, but whether CenturyLink will agree to the stipulations. Let's address that.

You should have at least three copies of the BVU Agreement because we've provided a copy as an exhibit at nearly every deposition so far (which you mentioned); but for convenience, the document is attached. We ask CenturyLink to stipulate (1) the authenticity of the BVU Joint Use Agreement attached; and (2) that BVU's 1980 Joint Use Agreement was the only agreement between BVU and CL that governed pole attachments since it was entered into, i.e., there is no other agreement between CenturyLink and BVU that applies to BVU's internet attachments in the telephone space of CenturyLink's poles.

We proposed these stipulations as a way to resolve the dispute over CenturyLink's objections to BrightRidge's Second Request for Production of Documents. Since CenturyLink is not willing to stipulate, it seems unlikely that further discussion between counsel will resolve the disagreement.

7. **Extension of Discovery Period.** We appreciate your willingness to extend the discovery period. But an extension until January 13th will not be long enough to complete the depositions of witnesses we have been trying to schedule for months. Will still have several depositions to schedule and no dates between now and January 13th on which to schedule them. This is especially true if CenturyLink refuses to make Dannett Kennedy available on Dec. 21, and if CenturyLink wants to depose Bachmann and Hopkins. Please let us know if CenturyLink would support or oppose a motion to extend the discovery deadline until January 30, 2023.

Thanks,
Joe

---

From: Edwards, Gary <gedwards@bakerdonelson.com>
Sent: Thursday, December 15, 2022 6:17 PM
To: Joseph B. Harvey <jharvey@hsdlaw.com>
Cc: Kelley, Misty Smith <mkelley@bakerdonelson.com>; William C. Bovender <bovender@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
Subject: RE: BrightRidge v. CenturyLink - Meet and Confer Request

**Caution:** Message originated from an external sender.

Hi Joe –

1. **Danett Kennedy.** We are not in a position to produce Danett Kennedy for a deposition on December 21. We are though working to secure her deposition for one of the January 2023 dates as we have previously discussed, and will circulate a specific date soon. We are prepared to proceed with the previously scheduled deposition of Adam Brown on December 21, 2022. If, however, you are wanting to move Mr. Brown's deposition to the January date for Ms. Kennedy's deposition, then we can see about getting that coordinated. Please let us know this week, though, if you are wanting to move Mr. Brown's deposition.

2. **Steven Hastings.** The deposition of Steven Hastings will be scheduled for one of the days during the week of January 9, 2023, as we have previously discussed. We are in the process of nailing down the specific date that week

2

Case 2:20-cv-00030-KAC-CRW   Document 77-10   Filed 03/01/23   Page 2 of 10   PageID #: 1939

with Mr. Hastings. Mr. Hastings is in the Wytheville Virginia area, but I anticipate that we will be able to produce him for the deposition at my office in Johnson City.

3. **BrightRidge Depositions.** We will proceed with the modified deposition schedule that you have slotted for the BrightRidge witnesses. For the record, though, we are not waiving our position that those depositions were previously scheduled as set forth in Mr. Bovender's November 21, 2022 letter (attached), only to be subsequently wiped off by you. It has also not gone unnoticed that despite BrightRidge being the Plaintiff, you have sought with your scheduling to have most all of the CenturyLink / Brightspeed depositions before the BrightRidge depositions. We now understand that BrightRidge will not be calling Tom Bachman and Walter Hopkins as witnesses at trial, and therefore, you have not provided new deposition dates for either of them. We are still evaluating this new position by BrightRidge concerning Bachman and Hopkins.

4. **Document Production.** I disagree with your characterizations in your email below of the respective testimonies of Josh Freeman and Andy Ice as to what each reviewed in preparation for their respective depositions. Yesterday, during Mr. Ice's deposition, it was not established that he reviewed any documents in preparation for his deposition that had not already been produced other than a document that BrightRidge circulated during the August 29, 2018 meeting. That document is a BrightRidge document, which means that BrightRidge already has the document, which begs the question as to why BrightRidge has yet to produce its own document in this action. We suspect that BrightRidge may have a number of internal drafts of this document, as well as internal emails and other documents related to it and its subsequent iterations; which, if so, we request be produced this week as we have previously requested all such documents from BrightRidge. Nevertheless, attached is the document (which I have bates labeled CL00497) to which Mr. Ice referenced in his deposition. As for Mr. Freeman, whose deposition was last Friday in Louisiana, you are not entitled to a production of documents between a witness and inhouse counsel at CenturyLink as agreed by the parties during the discovery planning phase in 2020. We are looking into whether there were any non-privileged documents that Mr. Freeman reviewed, so we anticipate having further dialogue with you on this issue. In the interim, under what discovery request or other basis are you now seeking production of non-privileged documents (if any) that Freeman reviewed to prepare himself?

5. **Buckles and Chong Depositions.** The depositions of Marcy Buckles and Andrew Chong have already been completed. As you know, my client has already incurred the expense of a second trip to Orlando for Mr. Chong's deposition due to an issue that arose on your side. We continue to take the position that your impermissible fishing expedition – i.e., BrightRidge's insistence on putting CenturyLink / Brightspeed to the added expense of conducting discovery related to other alleged attachers who are not in the BrightRidge service territory and who are not parties or beneficiaries to the 1980 Agreement under which BrightRidge initiated this lawsuit -- is beyond the scope of permissible discovery under Rule 26 and beyond the scope of the other attacher discovery that the Court's Order [Doc. 32] permitted, which Order arose from BrightRidge's efforts to seek discovery related to other attachers, which BrightRidge contended was only relevant to the damages issue of market rate, with the market being defined as the BrightRidge service territory. In addition, you were provided with notice more than a month prior to Ms. Buckles' and Mr. Chong's respective depositions that CenturyLink / Brightspeed was not permitting discovery, including during depositions, related to other attachers outside the BrightRidge service territory (which is consistent with the limits set forth in the Court's Order), with you taking no efforts to address that issue further with the Court before you proceeded with those depositions (to include the depositions of Ms. Buckles and Mr. Chong). BrightRidge has even been aware for more than 2 years (dating back to as early as the Joint Discovery Plan submitted by the parties to the Court back in April 2020) that CenturyLink disputed discovery being conducted by BrightRidge as to other attachers. Moreover, there was zero foundation laid during Mr. Chong's deposition that he had personal knowledge related to BVU, BTES or market rates, thereby making any testimony from him related thereto entirely speculative. Mr. Chong's testimony was that he had never even seen the BVU contract, and that he had no knowledge of whether BVU had made any attachments in the communications space of CenturyLink / Brightspeed poles in the BVU service territory. As for Ms. Buckles, her job position is that of an engineer. She testified that she has no responsibility for negotiating pole attachment or joint use agreements, that she has no knowledge of attachment fees for various attachers, and that she has no knowledge of the market rate for pole attachments. This fishing expedition is also duplicative with your fishing expeditions in other depositions.

6.      **BVU.** Once again, I disagree with your characterization in your email below, this time as to my "statement" about stipulations related to the purported BVU Agreement (Exhibit 24) that Mr. Bovender was showing to Mr. Ice during the deposition, an exhibit which Mr. Ice testified he had never seen and which Mr. Bovender suggested were the exact same when in fact they were not. From your email below, these are your words – "relying on a virtually identical Joint Use Agreement to place internet attachments in the "telephone space" of CenturyLink's poles" – not mine and not Mr. Ice's, and I am sure that the transcript will confirm that. Nevertheless, please circulate a copy of exactly what it is that you are requesting to be authenticated by CenturyLink / Brightspeed. The purported BVU agreement (Exhibit 24) that you have been repeatedly presenting as a contract during depositions to witnesses (over CenturyLink / Brightspeed's objections) bears no signatures, while indicating that BVU is organized under Tennessee when in fact BVU is a political subdivision of an entirely different state (the Commonwealth of Virginia). Meanwhile, you had previously identified your own witnesses as purported experts related to the topic of BVU, some of whom you represent as having been employed by BVU (and now employed by BrightRidge), which begs the question as to why BrightRidge does not have the purported contract documents on which these witnesses purport to be experts and on which BrightRidge contends it is entitled to rely upon? Certainly, you cannot fish for those documents from us now after BrightRidge has disclosed these purported experts so as to gin up a basis for their purported testimony where no basis existed at the time of BrightRidge's disclosures. In addition, any such contract between BVU and CenturyLink has no bearing on the separate contract between BrightRidge and CenturyLink, as they are indisputably separate contracts with distinct parties. Also, how an individual might interpret a contract years after it was entered has no bearing on an unambiguous contract, or even if assuming arguendo an ambiguity, the actual intent at the time of contracting in 1980 -- a time period during which neither BrightRidge, BVU nor any other electric muni could even be in the telecommunications business due to the distinct electric and telephone company monopolies in place at that time (which telephone company monopolies existed until the Telecommunications Act of 1996), thereby making BrightRidge's discovery efforts to contort into existence that the parties in 1980 contemplated and intended the 1980 Agreement to permit telecommunications attachments by BrightRidge in the communications space of CenturyLink / Brightspeed owned poles an absolute legal impossibility and factual farce.

7.      **Extension of the Discovery Period.** We jointly agree to extend the discovery period through January 13 to complete the depositions as we have already discussed. We can submit a joint motion on that topic if you want, but I think the Court allows leeway for the parties to complete depositions after the discovery cutoff by agreement (which is what we have already agreed to do).

Please let me know if you would like to discuss these issues further.

Regards

**Gary L. Edwards, Esq.\***
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
602 Sevier St.
Suite 300
Johnson City, Tennessee  37604
Direct:  423.975.7634
Fax:  423.979.7634
E-mail:  gedwards@bakerdonelson.com
www.bakerdonelson.com

\*Licensed in Tennessee, North Carolina and Virginia.

> **From:** Joseph B. Harvey <jharvey@hsdlaw.com>
> **Sent:** Thursday, December 15, 2022 10:02 AM

**To:** Edwards, Gary <gedwards@bakerdonelson.com>
**Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>; William C. Bovender <bovender@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
**Subject:** RE: BrightRidge v. CenturyLink - Meet and Confer Request

Gary –

We are writing to follow up on multiple discovery issues:

1. **Deposition of Dannett Kennedy**. Mrs. Kennedy appears to be located in close proximity to Adam Brown as both witnesses are in the North Denver, Colorado area. We would like to schedule Mrs. Kennedy's deposition for 8:00 a.m. (MST) on Wednesday, December 21, 2022, to coordinate with Mr. Brown's deposition which begins at 12:00 (MST) the same day. Both depositions will occur at **The Westin Westminster, 10600 Westminster Boulevard, Westminster, CO 80020**. Please let us know immediately if Mrs. Kennedy is not available for her deposition on 12/21. We would appreciate a response by 10:00 a.m. tomorrow (Friday).

    2. **Deposition of Steven Hastings**. Please provide dates and a location for our deposition of Mr. Hastings.

    3. **BrightRidge Depositions**. Please confirm CenturyLink's agreement to the deposition dates for BrightRidge witnesses referenced in my email dated December 14, 2022 8:09 a.m., included below.

    4. **Document Production**. During the depositions of Josh Freeman and Andy Ice, both witnesses referred to documents they had reviewed in preparation for their deposition, or documents directly related to the parties' dispute. These documents have not been produced. Please let us know if CL will produce the documents referenced during depositions, including, but not limited to the following:

        a. The emails Josh Freeman reviewed on his computer to prepare for his deposition;
        b. The correspondence between Mr. Ice and other telephone company employees that Mr. Ice testified he sent and received related to BrightRidge's attachments in the normal telephone space;
        c. The correspondence from the telephone company to BrightRidge regarding BrightRidge's attachments in the normal telephone space;
        d. Documents and correspondence Mr. Ice received from Stacy Evans (or other BrightRidge employees) related to BrightRidge's attachments in the normal telephone space.

    5. **Buckles and Chong Depositions**. Please let us know CenturyLink's position regarding Buckles's and Chong's refusal to answer questions at their depositions related to BVU, BTES, and other Electric Companies. During our meeting last week, you indicated you would get back to us on this. We plan to call the Magistrate's law clerk before the end of the week to request a teleconference. In the meantime, we're willing to consider any resolution CenturyLink proposes.

    6. **BVU Agreement**. Yesterday during the deposition of Mr. Ice, you indicated that CenturyLink is not going to stipulate to anything related to BVU because CenturyLink does not believe that CenturyLink's behavior in response to BVU relying on a virtually identical Joint Use Agreement to place internet attachments in the "telephone space" of CenturyLink's poles is relevant to this dispute. We assume that your statement also means that CenturyLink will refuse to agree to the stipulations (referenced in my email below) that we offered as a way to resolve the dispute over CenturyLink's objections to BrightRidge's Second Request for Production. If my understanding is incorrect, and CenturyLink is agreeable to the stipulations we proposed below, please let us know. Otherwise, we plan to call the Magistrate's law clerk before the end of the week to request a teleconference on this issue as well.

7. **Extension of Discovery Period.** Given we are already taking depositions past the 12/23/22 discovery cut-off, please let us know CenturyLink's position on an extension of the discovery period. An extension could remove the need for us to contact the magistrate this week to address items 4, 5, and 6 above. In any event, please let us know whether CenturyLink supports, opposes, or has no position on extending the discovery deadline.

If you would like to discuss any of these issues, please let us know immediately. We would appreciate hearing from you on these matters.

Thanks,
  Joe

---

**From:** Joseph B. Harvey <jharvey@hsdlaw.com>
**Sent:** Wednesday, December 14, 2022 4:23 PM
**To:** Edwards, Gary <gedwards@bakerdonelson.com>
**Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>; William C. Bovender <bovender@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
**Subject:** RE: BrightRidge v. CenturyLink - Meet and Confer Request

Gary –

Also, we still need to identify dates for Dannett Kennedy and Steven Hastings. Today during Mr. Ice's deposition, you indicated that Dannett Kennedy is located in Colorado and may work near Denver. If Kennedy is in the Denver area we would like to coordinate her deposition with the deposition of Adam Brown, who is also in the Denver area and scheduled for a deposition on December 21st. It would be inefficient to make two trips to Colorado to depose witnesses who are in the same general location. Please let us know as soon as possible about dates and location for Dannett Kennedy's depo. And same for Steven Hastings, especially if he works in a area where we already have a deposition scheduled.

Thanks,
  Joe

---

**From:** Joseph B. Harvey <jharvey@hsdlaw.com>
**Sent:** Wednesday, December 14, 2022 8:09 AM
**To:** Edwards, Gary <gedwards@bakerdonelson.com>
**Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>; William C. Bovender <bovender@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
**Subject:** RE: BrightRidge v. CenturyLink - Meet and Confer Request

Gary –

Thank you for meeting with me last Thursday following Jeff Honeycutt's deposition. During the meeting, you indicated that CL would like to take the depositions of the following BrightRidge witnesses:     Stacy Evans, Ken Edgar, David Addington, Mark Eades, Jeff Dykes, and David Brevitz. We propose the following schedule, which is based entirely on the dates you provided:

1. Stacy Evans – Dec. 19th 9:00 a.m. HSD's office in Johnson City
2. Ken Edgar - Dec. 29th 9:00 a.m. at HSD's office in Johnson City
3. David Addington - Jan. 4th 9:00 am at HSD's office in Johnson City
4. Mark Eades - Jan. 5th 1:00 pm at HSD's office in Johnson City
5. Jeff Dykes - Jan. 12th 9:00 am at HSD's office in Johnson City
6. David Brevitz - Jan. 13th 9:00 am at HSD's office in Johnson City

6

**Please confirm that this schedule is acceptable.** If we don't hear from you by Monday, Dec. 19th, we will assume that you agree and will make the BrightRidge witnesses available on these dates.

With respect to Walter Hopkins and Tom Bachmann, we can confirm that we presently do not intend to call them to testify at trial, or use their testimony in this matter. If that changes at any point, we will let you know as soon as possible and give you an opportunity to take their deposition.

During our meeting, we also discussed CL's instructions to Marcia Buckles and Andrew Chong not to answer questions at their depositions about other attachers including other electric distributors including, but not limited to, BVU and BTES. You indicated you would to get back to us with what CL proposes to resolve this issue. Please let us know.

Also during our meeting we discussed CL's objection to BrightRidge's second request for production of documents related to CL's agreement(s) with BVU related to pole attachments. I explained that we did not really need CL to produce the BVU agreement because we already had it. But do need two things: (1) we need CenturyLink to stipulate to the authenticity of the BVU Joint Use Agreement we have marked as Exhibit 24; and (2) we need CenturyLink to stipulate that BVU's 1980 Joint Use Agreement was the only agreement between BVU and CL that governed pole attachments. If CL will not so stipulate, then BrightRidge does need production in response to our written discovery. You indicated you would discuss this internally and get back with us. Please let us know.

On the last two discovery issues, if we have not reached an acceptable resolution this week, we will need to move forward. Our meeting last week was our good faith effort to resolve the disputes. We look forward to hearing from you.

Thanks,
  Joe

---

**From:** Edwards, Gary <gedwards@bakerdonelson.com>
**Sent:** Wednesday, December 7, 2022 8:40 PM
**To:** Joseph B. Harvey <jharvey@hsdlaw.com>
**Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>; William C. Bovender <bovender@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
**Subject:** RE: BrightRidge v. CenturyLink - Meet and Confer Request

**Caution:** Message originated from an external sender.

Joe –

We can have a conversation tomorrow after the deposition.

As for the start time for Ice's deposition, I will have to check with the witness concerning his availability.

Regards

Gary Edwards, Esq.
Baker Donelson
(423) 975-7634

7

**From:** Joseph B. Harvey <jharvey@hsdlaw.com>
**Sent:** Wednesday, December 7, 2022 1:55 PM
**To:** Edwards, Gary <gedwards@bakerdonelson.com>
**Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>; William C. Bovender <bovender@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
**Subject:** RE: BrightRidge v. CenturyLink - Meet and Confer Request

Gary –

Obviously, the parties are still in disagreement regarding discovery related to BVU's internet attachments on CenturyLink's poles. Are you available tomorrow after Jeff Honeycutt's deposition for a meet-and-confer to discuss that issue, including questions at depositions and CenturyLink's Objection to BrightRidge's Second Request for Production of Documents? We are also willing to discuss deposition scheduling at that time.

Finally, would you be agreeable to starting Andy Ice's deposition at 8:30 a.m. on December 14th, which is half-an-hour earlier than the scheduled 9:00 a.m. start time?

Thanks,
   Joe

---

**From:** Joseph B. Harvey <jharvey@hsdlaw.com>
**Sent:** Friday, December 2, 2022 5:18 PM
**To:** Edwards, Gary <gedwards@bakerdonelson.com>; William C. Bovender <bovender@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
**Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>
**Subject:** RE: BrightRidge v. CenturyLink

Gary –

We're glad to work with you on dates for depositions of BrightRidge's witnesses. But we did not "wipe off" any depositions because none of the deposition dates we proposed were ever confirmed by you. For some of the witnesses, we offered multiple different days that you never confirmed. For example, is Mark Eades scheduled for December 13, 14, or 15, 2022? We don't know because you never responded. And we have scheduled other depositions on different and conflicting dates since that time (Andy Ice is now scheduled for Dec. 14th. In our 11/2 memo, we had proposed Nov. 29th). What about Jeff Dykes? Is it your position that his deposition is confirmed for Dec 14th?

But rather than rehash prior events, let's move forward. Please finalize the list of BrightRidge witnesses that CL would like to depose, propose dates that don't conflict with the depositions now confirmed, and we will gauge their availability (and ours) between now and 12/23. If you would like to schedule depositions of BrightRidge witnesses in January, we are open to considering that.

Joe

---

**From:** Edwards, Gary <gedwards@bakerdonelson.com>
**Sent:** Friday, December 2, 2022 4:42 PM
**To:** Joseph B. Harvey <jharvey@hsdlaw.com>; William C. Bovender <bovender@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
**Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>
**Subject:** RE: BrightRidge v. CenturyLink

**Caution:** Message originated from an external sender.

Joe –

We wrote on October 21, 2022 with a list of BR witnesses that we requested for depositions. Bovender sent a letter dated November 21 dictating to us the dates that you were making BR witnesses available for deposition (see attached); with nothing in that letter requiring further confirmation from us. We noted by a response email of that same date that the dates for the BR witnesses had been dictated to us by Bovender; with the discussions thereafter related to getting CL witnesses on the schedule. So I disagree with your attempt to wipe off all the BR witnesses that are on Bovender's November 21 schedule. Notably, there are a number of days between December 13-16 currently scheduled for BR witnesses, which dates have been on hold for more than a month for those depos. If you are now wiping some of those off, then we would like to know the dates on which you are now proposing those witnesses to be available for depositions.

Regards

Gary Edwards, Esq.
Baker Donelson
(423) 975-7634

> **From:** Joseph B. Harvey <jharvey@hsdlaw.com>
> **Sent:** Friday, December 2, 2022 4:21 PM
> **To:** Edwards, Gary <gedwards@bakerdonelson.com>; William C. Bovender <bovender@hsdlaw.com>; Stephen M. Darden <sdarden@hsdlaw.com>
> **Cc:** Kelley, Misty Smith <mkelley@bakerdonelson.com>
> **Subject:** RE: BrightRidge v. CenturyLink
>
> Hi Gary –
>
> Thank you for agreeing to move Jeff Honeycutt's depo. This confirms that **Stacy Evans is available for his deposition on December 19th at 9:00 a.m. at our office in Johnson City.**
>
> We would note that today is the first time you have responded regarding a date for the deposition of any BrightRidge witness. And, other than Mr. Evans, we have not heard from you regarding dates for any other BrightRidge witnesses. In my email of November 28th I specifically stated that: "Currently, we have **not** confirmed **any** depositions of BrightRidge witnesses. CL has not proposed dates for the deposition of any BrightRidge witness." (emphasis in original) Therefore, Mr. Evans's deposition was not scheduled/confirmed for December 8th. But we appreciate your willingness to move Mr. Honeycutt's depo. Please finalize the list of BrightRidge witnesses that CL would like to depose and we will gauge their availability (and ours) between now and 12/23. If you would like to schedule depositions of BrightRidge witnesses in January, we are open to considering that.
>
> To date, the only depositions that are confirmed are the following (and no others):
>
> 1. [Completed] Marcy Buckles on November 30 at 9:00 a.m. at Baker Donelson's office in Johnson City.
> 2. [Completed] Andrew Chong on December 1 at 9:00 a.m. at Baker Donelson's office in Orlando.

3. Jeff Honeycutt on December 8 at 9:00 a.m. at Baker Donelson's office in Johnson City.
4. Josh Freeman on December 9 at 2:00 EST (1:00 CST) at **1707 Royal Ave., Monroe, LA 71201**.
5. Andrew Ice on December 14 at 9:00 a.m. at Baker Donelson's office in Johnson City.
6. Stacy Evans on December 19 at 9:00 at HSD's office in Johnson City.
7. Ryan Joseph Sikes on December 20, 2022 at 9:00 a.m. in Beaufort, North Carolina at the **Carteret County Courthouse**.
8. Adam Brown on December 21, 2022 at 2:00 p.m. EST (12:00 Mittelsteadt) in Westminster, CO (Location TBD – We will notify you).
9. Maggie Burgoyne on December 22, 2022 at 12:00 EST (9:00 a.m. PST) in Seattle, WA (Location TBD – We will notify you).

Also, we still need locations and depo dates (prior to December 23, 2022) for the following CL witnesses:
1. Dannett Kennedy
2. Steven Hastings (if still under Defendant's control)

Thanks,
Joe



**Joseph B. Harvey**
*Attorney at Law*
P.O. Box 3740
1212 North Eastman Road
Kingsport, TN 37664
Direct: 423-378-8854    Cell: 423-429-7536
jharvey@hsdlaw.com
www.hsdlaw.com    My Bio